**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ATAIN INSURANCE COMPANY<br>220 Kaufman Financial Center<br>30833 Northwestern Highway<br>Farmington, MI 48334<br><br>　　　　　　　Plaintiff,<br>　vs.<br><br>KAZ TIRE, INC. (trading as KAZ TIRE CENTER, INC., an unregistered fictitious name)<br>2400 E. Somerset Street<br>Philadelphia, PA 19134<br>　　　and<br>KAZEEM NABAVI (trading as KAZ TIRE CENTER, a registered fictitious name)<br>2400 E. Somerset Street<br>Philadelphia, PA 19134<br><br>　　　　　　　Defendants. | Civil Action No.: |

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff ATAIN INSURANCE COMPANY ("Atain"), by and through its undersigned counsel, hereby avers as follows.

**INTRODUCTION**

1.　Atain seeks a declaration in this action that no insurance coverage is afforded to KAZ TIRE, INC. (trading as KAZ TIRE CENTER, INC., an unregistered fictitious name) and KAZEEM NABAVI (trading as KAZ TIRE CENTER, a registered fictitious name) (collectively "KAZ Tire"), under an insurance policy issued by Atain to KAZ Tire with respect to an underlying lawsuit filed by Benjamin Allen ("Underlying Plaintiff") and Margaret Christoforo ("Underlying Wife-Plaintiff") (collectively "Underlying Plaintiffs"), in the Philadelphia County Court of Common Pleas under Docket Number 210501480 ("Underlying Lawsuit").

2. Atain issued KAZ Tire a commercial general liability ("CGL") insurance policy bearing number CIP320964 for a policy period of October 21, 2018 to October 21, 2019 with commercial general liability limits of $1,000,000 per occurrence and an aggregate limit of $2,000,000 for Products/Completed Operations. ("Policy"). A true and correct copy of the Policy is attached and incorporated by reference as **Exhibit 1**.

3. KAZ Tire seeks insurance coverage under the Policy for the Underlying Lawsuit, and Atain has declined to defend or indemnify KAZ Tire for the Underlying Lawsuit via correspondence dated June 28, 2021. A copy of Atain's June 28, 2021 coverage disclaimer is attached as **Exhibit 2**.

4. Atain seeks by this litigation to confirm that it has no duty to defend or indemnify KAZ Tire under the Policy for the Underlying Lawsuit.

5. Therefore, a controversy exists between the parties to this action regarding insurance coverage for the Underlying Lawsuit under the Policy, and an entry of a declaratory judgment is required to resolve the controversy.

## THE PARTIES

6. Plaintiff Atain is a Texas corporation with its principal place of business in Michigan, and it is therefore a citizen of Texas and Michigan.

7. Defendant KAZ Tire is a Pennsylvania corporation organized under the laws of Pennsylvania with its principal place of business located at 2400 E. Somerset Street, Philadelphia, Pennsylvania 19134, and it is therefore a citizen of Pennsylvania. Upon information and belief, KAZ Tire trades as "KAZ Tire Center, Inc.," which is an unregistered fictitious name, and which is the Named Insured listed in the Atain Policy, and Kaz Tire Center is a fictitious name registered in Pennsylvania, owned by Kazeem Nabavi.

8. Upon information and belief, Defendant Kazeem Nabavi, trading as KAZ Tire Center, is a citizen of Pennsylvania.

9. Accordingly, Defendants are not residents of Michigan or Texas, and therefore, complete diversity exists.

## JURISDICTION AND VENUE

10. Jurisdiction is with this Honorable Court pursuant to 28 U.S.C. § 1332 because of the citizenship of the parties and the amount in controversy exceeding $75,000.

11. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred within this District and because KAZ Tire's principal place of business is located in this judicial district.

## THE UNDERLYING LAWSUIT

12. Underlying Plaintiffs initiated the Underlying Lawsuit on May 17, 2021, by filing a Complaint against Clark Material Handling Company, Forklift LP Corporation f/k/a Clark Material Handling Company, CSI Material Handling, Inc., ToyotaLift Northeast, LLC, Swiftlink, Inc., P.J. Fitzpatrick, LLC, KAZ Tire, John/Jane Does (1-50) (Fictitious), ABC Corporations (1-50) (Fictitious), and John/Jane Roes (1-50) (Fictitious), and XYZ Corporations (1-50) (Fictitious) ("Underlying Complaint").  A true and correct copy of the Underlying Complaint filed in the Underlying Lawsuit is attached as **Exhibit 3**.

13. The Underlying Complaint alleges that Underlying Plaintiff was injured on May 22, 2019, when he attempted to "demount" a tire and pneumatic innertube from a forklift split rim wheel assembly.  (*See* Ex. 3 ¶¶ 1-2.)

14. The Underlying Complaint alleges that a split rim wheel assembly is a type of vehicle wheel that consists of two parts bolted together to hold the tire and innertube in place. (*See id.* ¶ 34.)

15. According to the Underlying Complaint, loosening the bolts that hold a split rim wheel assembly together without first deflating the tire assembly can cause the wheel components to separate with violent force and cause personal injury. (*See id.* ¶¶ 35-36.)

16. The Underlying Complaint recounts that the forklift wheel in question sustained a punctured innertube. (*See id.* ¶¶ 3-4.)

17. The Underlying Complaint alleges that Underlying Plaintiff was employed by the forklift owner and brought the wheel to KAZ Tire for repair. (*See id.* ¶¶ 4, 10.)

18. The Underlying Complaint alleges that after the repair, Underlying Plaintiff brought the wheel back to his employer's premises, where he attempted to re-mount the wheel onto the forklift. (*See id.* ¶¶ 5, 42.)

19. According to the Underlying Complaint, "Kaz Tire had improperly mounted the pneumatic innertube so that the innertube's inflation valve faced the rear (chassis) side of the split rim wheel assembly." (*Id.*)

20. The Underlying Complaint alleges that to fix KAZ Tire's alleged error, Underlying Plaintiff attempted to "demount" the tire and innertube off the wheel so that he could correctly orient the inflation valve to face the front of the split wheel assembly. (*See id.* ¶ 6.)

21. The Underlying Complaint alleges that Underlying Plaintiff was unaware of the hazard posed by attempting to remove the bolts of a split rim wheel assembly without first deflating the innertube. (*See id.* ¶ 7.) Thus, Underlying Plaintiff did not deflate the innertube before he attempted to unbolt the two halves of the split rim wheel assembly. (*See id.* ¶ 8.)

22.     The Underlying Complaint alleges that when Underlying Plaintiff attempted to unbolt the two halves, the assembly exploded in his face. (*See id.*)

23.     The Underlying Complaint alleges that Underlying Plaintiff sustained a fractured skull and left eye orbit, a scalp laceration, a comminuted fracture of the left elbow, and a traumatic brain injury. (*See id.*)

24.     The Underlying Complaint sets forth a single count of negligence against KAZ Tire on the basis that it incorrectly reassembled the forklift "tire and wheel assembly" in such a way that the inflation valve of the assembly faced toward the rear, chassis side of the wheel. (*See id.* ¶¶ 91-102.)

25.     The Underlying Complaint also alleges products liability claims against the designers, manufacturers and sellers of the forklift. (*See id.* ¶¶ 60-90.)

26.     In addition, the Underlying Complaint sets forth a cause of action for loss of consortium against all the Underlying Action defendants on behalf of Underlying Wife-Plaintiff. (*See id* ¶¶ 103-107.)

27.     The Underlying Complaint alleges that Underlying Plaintiffs seek an amount more than $50,000 in compensatory damages, punitive or exemplary damages, delay damages, interest and allowable costs of suit. (*See id.*)

28.     Atain declined coverage for the Underling Lawsuit pursuant to the Policy Designated Products Exclusion and reserved its rights on all bases set forth in the June 28, 2021, letter, and Atain also reserved all rights under the Policy and applicable law to limit or deny coverage for the Underlying Lawsuit. (*See* Ex. 2.)

# COUNT I – COVERAGE IS BARRED BY
# THE DESIGNATED PRODUCTS EXCLUSION

29. Atain incorporates and restates every allegation set forth in the preceding Paragraphs of this Complaint, as if alleged in this Paragraph.

30. The Policy contains a CGL Coverage Form that includes the following Insuring Agreement:

> SECTION I – COVERAGES
>
> COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> 1. Insuring Agreement
>
>    a. We will pay those sums that KAZ Tire becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend KAZ Tire against "suit" seeking those damages.
>
>    . . .
>
>    b. This insurance applies to "bodily injury" and "property damage" only if:
>
>       (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
>       (2) The "bodily injury" or "property damage" occurs during the policy period;

(Ex. 1 Policy Form CG 00 01 04 13 at 1.)

31. The Policy contains the following definition for "Products-completed operations hazard":

> "Products-completed operations hazard":
>
> a. Includes all "bodily injury" and "property damage" occurring away from premises you

6

own or rent and arising out of "your product" or "your work" except:

(1) Products that are still in your physical possession; or

(2) Work that has not yet been completed or abandoned. However "your work" will be deemed completed at the earliest of the following times:

 (a) When all of the work called or in your contract has been completed.

 (b) When all of the work to be done at the job site has been completed if your contract calls or work at more than one job site.

 (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

b. Does not include "bodily injury" or "property damage" arising out of:

(1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

(2) The existence of tools, uninstalled equipment or abandoned or unused materials; or

(3) Products or operations for which the classification, listed in the Declarations or in a policy Schedule, states that

7

> products-completed operations are subject to the General Aggregate Limit.

(*Id*. Policy Form CG 00 01 04 13 at 15.)

    32.    The Policy definition of "your product" provides:

> "Your product":
>
> a. Means:
>
>> (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
>>
>>> (a) You;
>>>
>>> (b) Others trading under your name; or
>>>
>>> (c) A person or organization whose business or assets you have acquired; and
>>
>> (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.
>
> b. Includes:
>
>> (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
>>
>> (2) The providing of or failure to provide warnings or instructions.
>
> c. Does not include vending machines or other property rented to or located for the use of others but not sold.

(*Id.* at 16.)

    33.    The Policy definition of "your work" provides:

> "Your work":
>
> a. Means:

8

> (1) Work or operations performed by you or on your behalf; and
>
> (2) Materials, parts or equipment furnished in connection with such work or operations.
>
> b. Includes:
>
> (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work": and
>
> (2) The providing of or failure to provide warnings or instructions.

(*Id.* at 16.)

34. Underlying Plaintiff's injury falls within the Policy definition of "products-completed operations hazard."

35. The Policy contains a Designated Products exclusion ("Designated Products Exclusion"):

> EXCLUSION – DESIGNATED PRODUCTS
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
>
> SCHEDULE
>
> Designated Product(s):
>
> ANY USED OR RECAPPED OR RETREADED TIRES
>
> . . . .
>
> This insurance does not apply to "bodily injury" or "property damage" included in the "products-

9

> completed operations hazard" and arising out of any of "your products" shown in the Schedule.

(Ex. 1 Form CG 21 33 11 85.)

36. Coverage under the Policy for the Underlying Lawsuit is precluded by the Designated Products Exclusion because Underlying Plaintiff sustained a "bodily injury" that is included within the "products-completed operations hazard" that arose out of "your products."

37. The Policy definition of "your products" includes "any good or product . . . handled" by KAZ Tire.

38. The Underlying Complaint alleges that KAZ Tire incorrectly reassembled the tire and wheel assembly, and therefore, KAZ tire handled the tire and falls within the Policy and Designated Products Exclusion definition of "your products." (*See* Ex. 3 Compl. ¶ 97.)

39. Additionally, Underlying Plaintiff's bodily injury arose out of "any used or recapped or retreaded tires" because the Underlying Complaint alleges the tire involved in Underlying Plaintiff's accident was used, including allegations concerning: (1) the forklift's ownership by Plaintiff's employer, which used it for various projects (*see id.* ¶ 42); (2) the tire and wheel assembly's repair by KAZ Tire a week earlier (*see id.* ¶¶ 43-44); and (3) the tire becoming flat in the intervening period between the first and second repair (*see id.*).

40. The Underlying Complaint does not allege that the tire or any other part of the tire and wheel assembly was new. (*See id.*)

41. Underlying Plaintiff's bodily injury also "[arose] out of" the tire.

42. The Underlying Complaint alleges that KAZ Tire "improperly repaired the tire and split rim wheel assembly involved in Plaintiff's accident. Specifically, Kaz Tire mounted the pneumatic innertube so that the inflation valve for the innertube faced the rear (chassis) side of the split rim wheel assembly." (Ex. 3 Compl. ¶ 97.)

43. The Underlying Complaint alleges that KAZ Tire's negligence consisted of, in part, "failing to inspect the tire and split rim wheel assembly to confirm that the tire and pneumatic innertube were properly mounted to the wheel assembly." (*Id.* ¶ 101(f).)

44. The Underlying Complaint further alleges that Underlying Plaintiff sustained his injury as "a direct and proximate result" of KAZ Tire's negligence. (*Id.* ¶ 102.)

45. Thus, the Underlying Complaint alleges that negligence with respect to the placement of the tire caused Plaintiff's bodily injury.

46. Accordingly, Plaintiff's bodily injury "[arose] out of" the used tire and is subject to the Designated Products Exclusion, and Kaz Tire is not entitled to a defense or indemnification from Atain under the Policy for the Underlying Lawsuit.

## COUNT II – PRESERVATION OF ALL POLICY TERMS, CONDITIONS, EXCLUSIONS AND DEFENSES TO COVERAGE

47. Atain incorporates and restates every allegation set forth in the preceding Paragraphs of this Complaint, as if alleged in this Paragraph.

48. Atain reserves its rights on all bases set forth in this Complaint and the Exhibits, and Atain also reserves its rights under the Policy and applicable law with respect to the Underlying Lawsuit, or any other past, present of future claim, for any other reasons that may exist or become apparent in the future. Nothing contained within this pleading should be construed as a waiver by Atain of any of its rights or defenses under the Policy and applicable law to limit or deny coverage for this matter or any other matters.

## PRAYER FOR RELIEF

WHEREFORE, Atain respectfully requests that this Court enter judgment in its favor and against KAZ Tire, Inc. and Kazeem Nabavi d/b/a KAZ Tire Center, declaring and finding that

Atain has no duty to defend or indemnify KAZ Tire, Inc. and Kazeem Nabavi d/b/a KAZ Tire Center against the Underlying Lawsuit under the Policy.

Respectfully submitted this 16th day of August 2021,

**KAUFMAN DOLOWICH & VOLUCK, LLP**

_____
Christopher J. Tellner, Esquire
Gregory F. Brown, Esquire
*Attorneys for Plaintiff*
*Atain Insurance Company*