# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ATAIN INSURANCE COMPANY<br>220 Kaufman Financial Center<br>30833 Northwestern Highway<br>Farmington, MI 48334<br><br>     Plaintiff,<br> vs.<br><br>KAZ TIRE, INC. (trading as KAZ TIRE CENTER, INC., an unregistered fictitious name)<br>2400 E. Somerset Street<br>Philadelphia, PA 19134<br>   and<br>KAZEEM NABAVI (trading as KAZ TIRE CENTER, a registered fictitious name)<br>2400 E. Somerset Street<br>Philadelphia, PA 19134<br><br>     Defendants. | Civil Action No.: 21-3651 |

## ATAIN INSURANCE COMPANY'S
## MOTION FOR SUMMARY JUDGMENT

Plaintiff Atain Insurance Company ("Atain"), by and through its attorneys, Kaufman Dolowich & Voluck, LLP, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 56(c) to enter summary judgment in its favor and against Kaz Tire, Inc. and Kazeem Nabavi ("Kaz Tire"). In support of its Motion, Atain fully incorporates by reference its Motion, Statement of Undisputed Facts, Joint Appendix, Exhibits, and all prior pleadings.

This is a federal diversity jurisdiction case involving an insurance coverage dispute between Atain and its insured Kaz Tire under a commercial general liability ("CGL") insurance policy bearing number CIP320964 for a policy period of October 21, 2018 to October 21, 2019 with commercial general liability limits of $1,000,000 per occurrence and an aggregate limit of $2,000,000 for Products/Completed Operations. ("Policy"). (*See* Ex. 1, Bates Nos. 1-97.) In this

lawsuit, Atain seeks a declaration that no insurance coverage is afforded to Kaz Tire with respect to an underlying lawsuit filed by Benjamin Allen ("Underlying Plaintiff") and his wife, Margaret Christoforo, in the Philadelphia County Court of Common Pleas under Docket Number 210501480 ("Underlying Lawsuit"), wherein Underlying Plaintiff filed a First Amended Complaint on June 30, 2021 ("Underlying Complaint").  (*See* Ex. 2, Bates Nos. 98-131.)

Coverage for the Underlying Lawsuit is excluded under the Policy by operation of the Designated Products Exclusion, which states:

> This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of any of "your products" shown in the Schedule.

(Ex. 1 Policy Form CG 21 33 11 85, Bates No. 092.)  When all defined terms from the Policy are incorporated into the Designated Products Exclusion, it states:

> This insurance does not apply to "bodily injury" ["occurring away from your premises . . . and arising out of"] ["any used . . . tires"] ["handled by you."]

(*Id.*)

The Policy defines "your product" as "[a]ny goods or products . . . handled . . . by . . . you." (Ex. 1 at Bates No. 088.)  The Schedule identifies the excluded Designated Products as "any used or recapped or retreaded tires."  (Ex. 1 Policy Form CG 21 33 11 85, Bates No. 092.) There is no dispute that the tire was a "used tire."  (*See id*., Bates No. 109-10, ¶¶ 42-44.)  Further, there is no dispute that Underlying Plaintiff was injured at his employer's premises, away from Kaz Tire's premises.  (*See id*., Bates No. 103-4, 110, ¶¶ 5, 45.)

In the Underlying Complaint, it is alleged that Kaz Tire "improperly repaired the *tire* and split rim wheel assembly involved in [Underlying] [P]laintiff's accident.  Specifically, Kaz Tire mounted the pneumatic innertube so that the inflation valve for the innertube faced the rear (chassis) side of the split rim wheel assembly."  (Ex. 2, Bates No. 119, ¶ 95.) The Underlying

Complaint alleges that Kaz Tire's negligence consisted of, in part, "failing to inspect the *tire* and split rim wheel assembly to confirm that the *tire* and pneumatic innertube were properly mounted to the wheel assembly." (*Id.*, Bates No. 120, ¶ 101(f).) The Underlying Complaint further alleges that Underlying Plaintiff sustained his injury as "a direct and proximate result" of Kaz Tire's negligence. (*Id.*, Bates No. 121, ¶ 100.) Further, there is a "but for" causal relationship between Underlying Plaintiff's injury and the used tire because the Underlying Complaint alleges how the explosion occurred:

> The principal hazard involved with a split rim wheel assembly is pressurized air which, once released, can cause the wheel components to separate with violent force, propelling the components across the workplace and into a worker. The severity of the hazard is related not only to the air pressure but also to the air volume.

(Ex. 2, Bates No. 108, ¶ 35.) Accordingly, the Underlying Lawsuit alleges "bodily injury" to Underlying Plaintiff that occurred "away from [Kaz Tire's] premises," "arising out of" a "used tire" that was "handled by [Kaz Tire]." As such, the plain reading of the Designated Products Exclusion precludes coverage under the Policy for the Underlying Lawsuit.

This Court determined, as a matter of law, that the Designated Products Exclusion "is not ambiguous," and "the exclusion bars coverage." *Webb v. Oak Leaf Outdoors, Inc.*, No. CIV.A. 11-2456, 2015 WL 1400649, at *4 (E.D. Pa. Mar. 27, 2015) (Rufe, J.) (applying Designated Products Exclusion to bar coverage for underlying lawsuit alleging insured was negligent in failing to recall a tree stand under Illinois law). Despite this, it is anticipated that Kaz Tire will argue that the Designated Products Exclusion does not apply to the service of repairing the tire, relying on *Harford Mut. Ins. Co. v. Moorhead*, 578 A.2d 492 (Pa. Super. Ct. 1990) and *Friestad v. Travelers Indem. Co.*, 393 A.2d 1212 (Pa. Super. Ct. 1978).

Neither *Moorhead* nor *Friestad* apply or prevent application of the Designated Products Exclusion. Both *Moorhead* and *Friestad* interpreted a <u>broad and not narrowly tailored</u> "products hazard" exclusion, as opposed to the <u>narrowly tailored and specific</u> Atain Designated Products Exclusion. *Moorhead* did not consider the policy definition of "Your Product" or "products-completed operations hazard" contained in the Atain Policy, nor did it involve a designated products exclusion. Unlike the Atain Policy, the policy at issue in *Moorhead* did not include any distinction about "handling" of a product, and therefore, *Moorhead* narrowly applies only in the products liability context.

Both *Moorhead* and *Friestad* found ambiguity in the exclusions those courts interpreted, and as a result, the foundations of those opinions rests upon reasonable expectations assessments and determinations that the broad products exclusions rendered coverage under the policies illusory. For example, *Friestad* interpreted a broad products exclusion that, if applied, would have precluded coverage for an insured water heater installer each time a claim arose from the insured installing or servicing a water heater. Here, Kaz Tire was not provided illusory coverage. Indeed, the Atain Policy is not limited in application by the Designated Products Exclusion for myriad liability claims arising from third parties injured upon the insured premises, *e.g.*, slip and fall. Further, the Designated Products Exclusion does not apply to any sale or service by Kaz Tire related to new tires. Indeed, the Designated Products Exclusion is narrowly tailored to "used tires" only. In doing so, the Atain Policy comports with the *Moorhead* directive that "the insurance company providing coverage should take extra care to assure that the policy leaves no room for question, at peril of being forced to pay for greater coverage than anticipated." *Moorhead*, 578 A.2d at 502.

Finally, the reasonable expectations of Kaz Tire should not be considered because the Court already determined the Designated Products Exclusion to be clear and unambiguous in *Oak Leaf*. "[A]n insured may not complain that his or her reasonable expectations were frustrated by policy limitations which are clear and unambiguous." *Northern Ins. Co. of New York v. Dottery*, 43 F. Supp. 2d 509, 512 (E.D. Pa. 1998). Further, assessing the reasonable expectations of commercial insureds is not favored within the Third Circuit, and only non-commercial insureds' reasonable expectations may be assessed when policy terms "are not readily apparent" or where there is "deception by insurance agents" with respect to policy provisions. *See Canal Ins. Co. v. Underwriters at Lloyd's London*, 435 F.3d 431, 440 (3d Cir. 2006). Neither scenario is present in this matter.

The pleadings and discovery are closed, and all relevant facts demonstrate that Atain is entitled to summary judgment and a declaration that it is not required to defend or indemnify Kaz Tire in the Underlying Lawsuit as a matter of law.

Respectfully submitted this 25th day of October 2021,

**KAUFMAN DOLOWICH & VOLUCK, LLP**

_____

Christopher J. Tellner, Esquire
Gregory F. Brown, Esquire
*Attorneys for Plaintiff*
*Atain Insurance Company*